**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH VANSCOY as Executor of the ESTATE OF PAMELA SENDRICK<br><br>Plaintiff<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his capacity as the SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES<br><br>Defendant | CIVIL ACTION – LAW<br><br>NO. |

**COMPLAINT**

AND NOW COMES Plaintiff, Kenneth VanScoy, as Executor of the Estate of Pamela Sendrick, by and through his legal counsel, Fellerman & Ciarimboli Law, P.C., to hereby complain against the Defendant, Secretary of Health and Human Services, and in support thereof avers follows:

## PARTIES

1. Plaintiff, Kenneth VanScoy as Executor of the Estate of Pamela Sendrick ("Plaintiff"), is competent adult individual who is resides at 2 Cookie Corner Drive, West Wyoming, Pennsylvania 18644 and is a citizen of the Commonwealth of Pennsylvania.

2. Decedent, Pamela Sendrick at all times relevant hereto was a patient at Good Shepherd Specialty Hospital prior to her passing on March 28, 2024.

3. Defendant, Robert F. Kennedy, Jr., in his capacity as the Secretary of the United States Department of Health and Human Services (hereinafter "Secretary") is a governmental agency with the United States government with a physical address of 200 Independence Avenue, S.W., Washington D.C., 20201. This action is brought against the Secretary Kennedy in his official capacity responsible for implementing the Medicare program.

## JURISDICTION AND VENUE

4. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §2201.

5. Venue is appropriate under 28 U.S.C. §1391(e)(1).

## OPERATIVE FACTS

6. This is an appeal from the Medicare Appeals Council Docket Number M-23-4670 and OMHA Appeal Number 3-0000034460M.

7. Pamela Sendrick suffered a traumatic brain injury in September 2019

8. Pamela Sendrick was admitted to Good Shepherd Specialty Hospital ("Good Shepherd") on June 8, 2022.

9. On admission to Good Shepherd, the primary goals were to wean Ms. Sendrick off a ventilator and continue to manage her medical condition.

10. Upon admission to Good Shepherd, Ms. Sendrick was enrolled in Geisinger Gold Preferred Enhanced Rx (PPO) Plan, a Medicare Advantage Part C plan through Geisinger Indemnity Insurance Company.

11. After approximately two months of care provided to Ms. Sendrick, Good Shepherd Case Management determined on August 22, 2022 that there were no plans for further ventilator weaning attempts and began preparing a plan to transfer Ms. Sendrick to a vent-capable skilled nursing facility ("SNF").

12. At the time of Ms. Sendrick's stay, her brother, Kenneth VanScoy was Ms. Sendrick's power of attorney.

13. Mr. VanScoy began to look for other long-term care hospital facilities for Ms. Sendrick.

14. The Good Shepherd case management notes indicate that Jefferson Hospital denied the admission of Ms. Sendrick on September 9, 2022.

15. However, the case management notes also indicate that Dr. Kelly Lopez only reviewed 61 pages of Ms. Sendrick's medical records.

16. Mr. VanScoy next contacted Christiana Hospital in Newark, Delaware who agreed to admit Ms. Sendrick.

17. However, Christiana Hospital did not accept Ms. Sendrick's current Geisinger Gold Preferred Enhanced RX (PPO) Plan, prompting Mr. VanScoy to seek coverage from Aetna.

18. Ms. Sendrick was enrolled in Aetna Medicare Advantra Silver (PPO) effective November 1, 2022.

19. The transfer of Ms. Sendrick to Christiana Hospital was ultimately denied.

20. On November 4, 2022, the case management notes indicate that Mr. VanScoy provided Ms. Sendrick's new Aetna insurance cards to Good Shepherd.

21. As of November 4, 2022, Good Shepherd was aware of Ms. Sendrick's new Aetna Plan.

22. Mr. VanScoy received a Notice of Medicare Non-Coverage stating that effective November 26, 2022, all long-term care hospital services provided to Ms. Sendrick would not be covered by Medicare.

23. Further, the Notice of Medicare Non-Coverage further stated that Ms. Sendrick would be financially responsible for all services effective November 26, 2022 at a rate of $2,500.00 per day.

24. On November 27, 2022 Plaintiff was notified of Ms. Sendrick's termination of coverage of long-term care hospital services.

25. Plaintiff timely appealed the termination of coverage through the appeals process which included a hearing before an Administrative Law Judge and a request for review by the Medicare Appeals Council.

26. On April 1, 2025, the Medicare Appeals Council issued a final decision upholding the termination of coverage.

27. Upon information and belief, Aetna never terminated coverage for Ms. Sendrick.

28. Ms. Sendrick remained in Good Shepherd until January of 2024 when she was transferred to the intensive care unit at Lehigh Valley Hospital.

29. Ms. Sendrick passed away on March 28, 2024 at Lehigh Valley Hospital.

30. Plaintiff now seeks judicial review of the Medicare Appeals Council decision.

## COUNT I
## DECLARATORY JUDGMENT

31. The preceding paragraphs are incorporated herein as though fully set forth below.

32. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States

. . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); see also Principal Life Ins. Co. v. Minder, No. CIV A 08-5899, 2009 WL 1917096 (E.D. Pa. July 1, 2009); Miller v. Liberty Mut. Grp., 97 F. Supp. 2d 672 (W.D. Pa. 2000).

33. An actual controversy exists between the Plaintiff and Defendant regarding the effect of the prior denial of coverage and Ms. Sendrick's entitlement to care under the Aetna Medicare Advantage Plan as of November 27, 2022.

34. Ms. Sendrick's Estate should not be liable for personal payment of $2,500.00 for the care she received from Good Shepherd after the termination date of November 27, 2022 through the time of her death on March 28, 2024.

35. Although the Geisinger Gold Preferred Enhanced Rx (PPO) Plan terminated coverage on November 27, 2022, Ms. Sendrick was already enrolled as under the Aetna Plan.

36. Upon information and belief, Aetna should have been charged for the services Ms. Sendrick received after November 27, 2022 under the Medicare Law.

37. Therefore, Plaintiff is entitled to declaratory judgment in its favor.

**WHEREFORE**, Plaintiff, Kenneth VanScoy as Executor of the Estate of Pamela Sendrick seeks Declaratory Judgment entered in favor of the Estate and that this Honorable Court declare that Medicare coverage should be afforded to Pamela

Sendrick through her Aetna Plan beginning on November 27, 2022 through her death on March 28, 2024.

Respectfully Submitted,

**FELLERMAN & CIARIMBOLI LAW, P.C.**

*/s/ JOB T. STEPANSKI, ESQUIRE*

Date: June 5, 2025

BY: Job T. Stepanski, Esquire
Fellerman & Ciarimboli Law, P.C.
183 Market Street, Suite 200
Kingston, PA 18704
570-718-1444
*Counsel for Plaintiff*