UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH VANSCOY,

Plaintiff,

v.

ROBERT F. KENNEDY, JR.,

Defendant.

CIVIL ACTION NO. 3:25-CV-1020

(MEHALCHICK, J.)

## MEMORANDUM

Presently before the Court is a complaint filed by Plaintiff Kenneth VanScoy ("VanScoy") against Defendant Robert F. Kennedy, Jr., in his capacity as the Secretary of the United States Department of Health and Human Services (the "Secretary"). (Doc. 1). On June 6, 2025, the Court issued the summons and provided it to VanScoy for service on the Secretary. (Doc. 2). Since that date, VanScoy failed to serve the summons and the complaint. (Doc. 3). This action will be **DISMISSED** for failure to prosecute.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

In June 2022, Pamela Sendrick ("Sendrick"), VanScoy's sister, was admitted to Good Shepherd Specialty Hospital ("Good Shepherd") after suffering a traumatic brain injury in September 2019. (Doc. 1, ¶¶ 7-8). VanScoy serves as Sendrick's executor and acted with Sendrick's power of attorney. (Doc. 1, ¶¶ 1, 13). While under Good Shepherd's care, Sendrick's goal was to wean off a ventilator and receive treatment for her injury. (Doc. 1, ¶ 9). Geisinger Indemnity Insurance Company ("Geisinger") provided her insurance coverage. (Doc. 1, ¶ 10). After providing care to Sendrick for approximately two months, Good Shepherd determined that there were no plans for further ventilator weaning attempts. (Doc. 1, ¶ 11). VanScoy began looking for other long-term care hospital facilities. (Doc. 1, ¶13).

Several hospitals did not accept Sendrick's insurance plan through Geisinger and denied her admission, prompting VanScoy to enroll her in Aetna Medicare. (Doc. 1, ¶¶ 14, 17-18). VanScoy provided Good Shepherd with Sendrick's new Aetna insurance. (Doc. 1, ¶ 20). On November 27, 2022, VanScoy received notification that Medicare would terminate coverage of Sendrick's long-term care hospital services. (Doc. 1, ¶ 24). VanScoy timely appealed the termination of coverage through the appeals process, but the Medicare Appeals Council (the "Council") upheld the termination. (Doc. 1, ¶¶ 25-26). Sendrick remained in Good Shepherd until January of 2024 when she was transferred to the intensive care unit at Lehigh Valley Hospital, where she passed away on March 28, 2024. (Doc. 1, ¶ 28). As Executor of the Estate of Sendrick, VanScoy now seeks judicial review of the Council's decision. (Doc. 1, ¶¶ 1, 30).

On June 5, 2025, VanScoy initiated this action by filing a complaint. (Doc. 1). On June 6, 2025, the Court issued the summons and provided it to VanScoy for service on the Secretary. (Doc. 2). After VanScoy failed to serve, the Court issued an order to show cause on October 21, 2025. (Doc. 3). To date, VanScoy has failed to respond to or otherwise follow the Court's Order.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *see Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute their action, and therefore, the action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b).

A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984).

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." *Mindek*, 964 F.2d at 1373. No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *see Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt,* 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)).

**III.    DISCUSSION**

3

The Court will "analyze the *Poulis* factors before imposing sanctions of dismissal," *United States v. Brace*, 1 F.4th 137, 143 (3d Cir. 2021), even though Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court recognizes that when a plaintiff's conduct makes it impossible for a district court to decide a case on its merits, the court may dismiss the claims without assessing the *Poulis* factors. *Vera v. Ashwood Fin., Inc.*, No. CV19344MCAJAD, 2020 WL 13601339, at *2 (D.N.J. July 6, 2020) (citing *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010); *Gebhardt v. Borough of Island Heights*, No. CIV.A. 07-2312 MLC, 2007 WL 4355465, at *1 (D.N.J. Dec. 7, 2007) (finding that a court need not balance the *Poulis* factors for a Rule 41 dismissal if the plaintiff failed to comply with Rule 4(m)); *Faulk v. Frommer*, No. 3:17-CV-0941, 2018 WL 6696605, at *2 (M.D. Pa. Dec. 20, 2018) (dismissing an action due to plaintiff's failure to serve without analyzing the *Poulis* factors). Here, because VanScoy failed to serve the Secretary, dismissal is warranted without consideration of the *Poulis* factors. *See Gebhardt*, 2007 WL 4355465, at *1; *see also Faulk*, 2018 WL 6696605, at *2. The Court, however, will conduct a *Poulis* analysis out of an abundance of caution.

### 1. Plaintiff's Personal Responsibility.

The Court finds that the first *Poulis* factor, the extent of Plaintiff's personal responsibility, weighs in favor of dismissal because the delays in this case are entirely attributable to VanScoy and his counsel. 747 F.2d at 868. VanScoy has failed to serve the Secretary and to seek additional time to serve the Secretary. VanScoy has further failed to

4

respond to the Court's order to show cause as to why this case should not be dismissed. (Doc. 3). Arguments that the conduct of VanScoy's counsel caused these unreasonable delays would lack merit because a party's "lack of responsibility for their counsel's dilatory conduct is not dispositive." *Dively v. Seven Springs Farm, Inc.*, No. CIV.A. 3:10-126, 2012 WL 1865414, at \*3 (W.D. Pa. Apr. 23, 2012) (concluding that the client could not avoid the consequences of the acts or omissions of its counsel) (citing *Poulis*, 747 F.2d at 868). Accordingly, the first *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868; *see Snyder v. Bender*, No. 1:09-CV-927, 2010 WL 5109655, at \*4 (M.D. Pa. Nov. 16, 2010), *report and recommendation adopted as modified*, No. 1:09-CV-0927, 2010 WL 5110556 (M.D. Pa. Dec. 9, 2010) (finding that the first *Poulis* factor favored dismissal when plaintiff failed to serve defendant and failed to address service-of-process issues).

## 2. Prejudice to the Moving Party

The second *Poulis* factor assesses whether there is prejudice to the moving party. 747 F.2d at 868. Although the Secretary has filed no motion or response since the filing of the complaint, the Court finds that the second factor weighs in favor of dismissal. A finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that VanScoy's failure to respond to the Court's orders has frustrated and delayed resolution of this action. Going forward, such failure to litigate would prejudice Defendants because Defendants could not seek a timely resolution of the case. *See Vessio v. Saw Creek Ests. Cmty. Ass'n, Inc.*, No. CIV.A. 3:13-2068, 2014 WL 6065924, at \*5 (M.D. Pa. Nov. 6, 2014) (finding

the second *Poulis* factor favors dismissal when a plaintiff failed to engage in litigating the claims). Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

### 3. History of Dilatoriness

The third *Poulis* factor, the history of dilatoriness on the plaintiff's part, does not weigh in favor of dismissal because VanScoy has only failed to comply with one court order. *See Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (stating "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness'"). However, "no one *Poulis* factor is dispositive, and not all factors must be satisfied for the plaintiff's case to be dismissed." *Moffa v. Yellen*, No. 1:22-CV-565, 2023 WL 8361793, at *3 (M.D. Pa. Nov. 13, 2023), *report and recommendation adopted*, No. 1:22-CV-00565, 2023 WL 8359904 (M.D. Pa. Dec. 1, 2023).

### 4. Willful Conduct or Bad Faith

The fourth *Poulis* factor, willful conduct or bad faith also weighs in favor of dismissal. 747 F.2d at 868. The fourth *Poulis* factor requires the Court to consider whether VanScoy's conduct reflects mere inadvertence or negligence, as opposed to "intentional or self-serving behavior." *Adams*, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). Here, VanScoy's failures demonstrate a "complete indifference" to directives of the Court, giving rise to contumacious, bad-faith behavior. *Dively*, 2012 WL 1865414, at *5 (W.D. Pa. Apr. 23, 2012) (finding that a party's "complete indifference" to court supported a finding of bad faith); *see Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) (stating a the "[a]bsence of

reasonable excuses may suggest that the conduct was willful or bad faith.") (citing *Ware*, 322 F.3d at 224). Thus, the fourth *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

### 5. Availability of Alternative Sanctions

The fifth *Poulis* factor, the effectiveness of sanctions other than dismissal, weighs in favor of dismissal. 747 F.2d at 868. Dismissal is appropriate, however, where no effective alternative sanction exists. *See Briscoe*, 538 F.3d at 263. The Court has endeavored to use alternative sanctions by entering a prior order to show good cause, to no avail. (Doc. 3). The history of dilatoriness exhibited in this case leads the Court not to expect compliance from VanScoy. *Mindek*, 964 F.2d at 1374 (noting that a district court "may find it necessary to dismiss a litigant's complaint as a sanction for repeated failure to satisfy court orders"). Accordingly, the fifth *Poulis* factor weighs in favor of dismissal. 747 F.2d at 868.

### 6. Meritoriousness of Plaintiff's Claims

The final *Poulis* factor, the meritoriousness of Plaintiff's claims, weighs in favor of dismissal. 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869–70). Here, the Court is unable to determine the meritoriousness of VanScoy's claims because, assuming for the sake of argument that VanScoy's claims have merit, consideration of this factor cannot save his case because he is now wholly noncompliant with his obligations as a litigant. *Snyder*, 2010 WL 5109655, at *5 (finding that the sixth *Poulis* factor "strongly underscore[d]" dismissal after plaintiff failed to properly serve the complaint within the time frame set by Rule 4(m)). Six months have passed since VanScoy

filed the complaint, a period beyond the 90-day service deadline, resulting in an unreasonable delay of resolution in this action. Fed. R. Civ. P. 4(m). Accordingly, the sixth *Poulis* factor weighs in favor of dismissal.

### 7. Balancing the *Poulis* factors

The *Poulis* factors weigh heavily in favor of dismissal. 747 F.2d at 868. When weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal. *Briscoe*, 538 F.3d at 263. Instead, "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222. Here, on balance, the *Poulis* factors weigh heavily in favor of dismissal of this action for lack of prosecution. Accordingly, the Court will dismiss this action for failure to prosecute. (Doc. 1).

## IV.    CONCLUSION

For these reasons, this action is **DISMISSED without prejudice** to VanScoy's ability to file a separate action. *See Pieczynski v. PA*, No. CV 3:20-1502, 2021 WL 1534978, at *2 (M.D. Pa. Apr. 19, 2021), *aff'd sub nom*. *Pieczynski v. Commonwealth of Pennsylvania*, No. 21-1960, 2021 WL 5745694 (3d Cir. Dec. 2, 2021) (dismissing an action without prejudice where the plaintiff failed to pay the required filing fee). The Clerk of Court is directed to **CLOSE** this matter.

An appropriate Order follows.

**BY THE COURT:**

**Dated: February 25, 2026**      *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**